UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ANDRES MALDONADO,
and YARA LILLIA PENA TOY,

      Plaintiffs,

    v.                                     Case No. 05-CV-1055

ALBERTO R. GONZALES, Attorney General
of the U.S.; MICHAEL CHERTOFF, Secretary of the
U.S. Department of Homeland Security;
EDUARDO AGUIRRE, JR., Director of the U.S.
Citizenship and Immigration Services; and
MICHAEL COMFORT, as Director of the Chicago
District of the U.S. Citizenship and Immigration Services,

      Defendants.
_____

**ORDER**

On October 5, 2005, plaintiffs, Andres Maldonado (Maldonado) and Yara Lillia Pena Toy (Pena), filed a complaint alleging that the defendants unreasonably withheld a ministerial duty by failing to issue an approval notice for Maldonado's I-130 petition in violation of the Administrative Procedure Act (APA). The plaintiffs allege that the defendants' refusal to issue the notice of approval forced the plaintiffs to incur expenses, including attorney's fees, and disrupted the adjudication of Pena's I-485 application for adjustment of status. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on November 16, 2005. The defendants assert that the plaintiffs' action is moot and, therefore, the court lacks subject matter jurisdiction. For the reasons stated below, the court will grant the defendants' motion and dismiss this case for lack of subject matter jurisdiction.

## BACKGROUND

The plaintiffs assert that by sending an interview notice regarding the plaintiffs' "one step" I-130/I-485 petition to an old mailing address and by not issuing the approval notice of the I-130 petition within a reasonable amount of time, the defendants subjected the plaintiffs to a long and unnecessarily difficult process to prevent Pena from being deported. The plaintiffs' complaint sets forth the pertinent facts as follows.

Even though the plaintiffs informed the Immigration and Naturalization Service (INS) in multiple certified letters that Maldonado's wife, Pena, had moved to a new address in Wisconsin, the INS sent an interview notice regarding the plaintiffs' "one step" I-130/I-485 petition to Pena's old mailing address in Michigan. As a result, the plaintiffs missed the interview and the INS commenced removal proceedings against Pena and issued a Notice to Appear (NTA) with an immigration judge in Detroit, Michigan. The plaintiffs unsuccessfully moved to cancel the deportation hearing, pointing out that they missed the interview because the INS sent the interview notice to the wrong address. The plaintiffs also unsuccessfully attempted to have the deportation hearing transferred from Detroit to the Chicago Immigration Court, which is closer to the plaintiffs' residence in Wisconsin. After denying the plaintiffs' requests and requiring the plaintiffs to travel to Detroit for the deportation hearing, the immigration judge ordered Pena to file a "bona fides package" under 8 U.S.C. §§ 1154(g), 1255(e), thereby subjecting the plaintiffs to the marriage fraud restrictions on petitions based on marriages entered into during deportation

proceedings, even though the plaintiffs were married several years prior to the deportation proceedings. Upon receipt of the "bona fides package," the Detroit immigration judge transferred the plaintiffs' case to a Chicago immigration judge. At the time the plaintiffs filed their complaint, the plaintiffs' I-485 application for adjustment of status languished before the Chicago immigration judge because they were still waiting for the approval notice of the plaintiffs' I-130, Immediate Relative Petition.

Maldonado filed an I-130 petition pursuant to 8 U.S.C. § 1154(a)(1)(A)(I), seeking to classify his wife, Pena, as an immigrant relative pursuant to § 1151(b)(2)(A)(I). U.S. Citizenship and Immigration Services (USCIS)[1] District Adjudications Officer, Jeffrey Murray, interviewed Maldonado and Pena in regards to the I-130 petition on October 28, 2004. At the end of the interview, Murray informed the plaintiffs that he would send an approval notice of the I-130 petition in the mail soon. Despite written and personal inquiries to the USCIS from their attorney, at the time the plaintiffs filed the complaint in this action, they had not received the approval notice regarding the I-130 petition.

## ANALYSIS

In considering the defendants' motion to dismiss, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiffs' favor. *Transit Express, Inc. v. Ettinger*,

---

[1] On March 1, 2003, service and benefit functions of the U.S. Immigration and Naturalization Service (INS) transitioned into the Department of Homeland Security as the U.S. Citizenship and Immigration Services (USCIS).

246 F.3d 1018, 1023 (7th Cir. 2001). The court must read the complaint liberally, granting the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The federal notice pleading standard requires only that a complaint give a "short and plain statement showing that the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

"Under Article III of the Constitution, the exercise of federal judicial power depends on the existence of a justiciable case or controversy; federal courts do not have jurisdiction to review moot cases." *Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006) (citation and internal quotation omitted). Mootness is often described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). The Seventh Circuit has held that "[a] case is moot if there is no possible relief which the court could order that would benefit the party seeking it." *Maher*, 441 F.3d at 525 (quoting *In re Envirodyne Indus.*, 29 F.3d 301, 303 (7th Cir. 1994)). The party asserting mootness bears the burden of persuasion. *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000).

The plaintiffs' complaint seeks several forms of relief, all of which stem from the underlying claim that the defendants unreasonably withheld a ministerial duty,

issuing the I-130 approval notice. Specifically, the complaint seeks a declaratory judgment that the defendants' failure to issue the approval notice for the I-130 petition is an unreasonable withholding of a ministerial duty that the defendants owe the plaintiffs, an order directing the defendants to issue the approval notice for the I-130 petition, a declaratory judgment that the plaintiffs are prevailing parties in this action, and an order awarding attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Compl. ¶ 24.)

The defendants assert that there is no case or controversy before the court because the USCIS issued the notice of approval of the plaintiffs' I-130 petition on November 3, 2005. Attached to the motion to dismiss, the defendants filed a copy of Maldonado's I-130 petition stamped "approved" on November 2, 2004, and a copy of the notice of approval of the I-130 petition dated November 3, 2005. (Defs.' Mot. to Dismiss Exs. 1-2.) The defendants assert that the approval of the I-130 petition and subsequent issuance of the notice of approval adjudicates the plaintiffs' I-130 petition. The defendants note that the notice of approval of the I-130 petition was issued on November 3, 2005, approximately one month after the plaintiffs filed their complaint, but before the court took any action. As a result, the defendants assert, there is no live case or controversy before the court, and therefore, the action is moot and the case should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

In analyzing whether this case is moot, the court must examine whether any changes in the relationship between the parties occurred since the date this litigation

started. *See, e.g., Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004). The record demonstrates that since the commencement of litigation began on October 5, 2005, the USCIS issued the approval notice of the plaintiffs' I-130 petition. Thus, there is no possible relief the court could order to benefit the plaintiffs.

The plaintiffs assert that the case is not moot because they claim that they are entitled to attorney's fees and costs under the EAJA. However, the U.S. Supreme Court has held that an interest in attorney's fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990). A claim for attorneys' fees is collateral to the plaintiffs' underlying merits claim. *See FCC v. League of Women Voters*, 468 U.S. 364, 373-74, n. 10 (1984); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). Because the defendants adjudicated the plaintiffs' I-130 petition, the plaintiffs are left with no underlying claim that the defendants unreasonably withheld the ministerial duty of issuing the I-130 approval notice.

The plaintiffs also assert that the complaint does not seek what the defendants refer to as an adjudication of the I-130 petition. Specifically, the plaintiffs' complaint seeks two declaratory judgments, one stating that the defendants' failure to issue the approval notice for the I-130 petition is an unreasonable withholding of a ministerial duty that the defendants owe the plaintiffs, and another stating that the plaintiffs are prevailing parties in this action. Additionally, the complaint seeks an order directing the defendants to issue the approval notice for the I-130 petition, and an order

awarding the plaintiffs' attorney's fees and costs under the EAJA. The plaintiffs point out that it took a year from the date that the I-130 petition was approved before the USCIS sent the notice of approval and suggest that the defendants may not have issued the approval notice if they did not file this action. The plaintiffs also assert that the defendants have not sent a copy of the approved I-130 petition to the State Department, as required by 8 U.S.C. § 1154(b). (Pls.' Rejoinder 1.)

The defendants contend that the plaintiffs cite no authority to support their claim that the defendants' failure to issue the I-130 approval notice was an unreasonable withholding of a ministerial duty the defendants owe the plaintiffs. The plaintiffs' complaint concedes that the relevant section of the Immigration and Naturalization Act does not provide any time limits for issuing the approval notice. (Compl. ¶ 12.) The statute states in part:

> [T]he Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151 (b) of this title, or is eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State.

8 U.S.C. § 1154(b).

The defendants state that the I-130 approval notice attached to the motion to dismiss demonstrates that they complied with the requirements of § 1154(b), and that the one year that it took for them to send the I-130 approval notice did not violate the statute. Specifically, once the conditions of § 1154(b) were met, the Attorney General approved the plaintiffs' I-130 petition. The defendants note that § 1154(b) does not contain a provision that requires the USCIS to issue a notice of

approval and that there is no authority for the plaintiffs' allegation that the defendants owed them an explicit duty to send them a copy of the notice of approval. Nonetheless, the USCIS sent the notice of approval on November 3, 2005. (Defs.' Mot. to Dismiss Ex. 2.)

The defendants also point out that the I-130 approval notice demonstrates that the defendants sent a copy of the approved I-130 petition to the State Department, as required by 8 U.S.C. § 1154(b). The notice states that the plaintiffs' petition was forwarded to the "United States Consulate at Mexico City . . . . The United States Consulate which is part of the Department of State, will contact the beneficiary and give instructions about getting a visa." (Defs.' Mot. to Dismiss Ex. 2.) Additionally, the I-130 approval notice states "[y]our Form I-130, Petition for Alien Relative, has been approved and forwarded to the National Visa Center . . . " which is part of the State Department, (Department of State, National Visa Center, http://travel.state.gov/visa/immigrants/types/types_1309.html). *Id.* Thus, the plaintiffs' claim in their rejoinder opposing the motion to dismiss, that the defendants have not sent a copy of the approved I-130 to the State Department, as required by § 1154(b), is erroneous.

In addition to the plaintiffs' claim that the defendants unreasonably withheld the performance of a ministerial duty, the plaintiffs assert that the defendants unreasonably delayed the approval of the plaintiffs' I-130 petition by subjecting Pena's immigrant visa application to a higher standard of proof under 8 U.S.C. §§ 1154(g) and 1255(e). As noted above, the INS sent Pena's "one step"

I-130/I-485 petition interview notice to Pena's old mailing address in Michigan. As a result, the plaintiffs missed the interview and the INS issued a Notice to Appear to commence deportation proceedings against Pena. (Compl. ¶ 16.) At the proceedings, the immigration judge subjected the plaintiffs' immigrant visa application to a higher standard of proof under 8 U.S.C. §§ 1154(g) and 1255(e), requiring Pena to demonstrate by clear and convincing evidence the bona fides of the plaintiffs' marriage. The plaintiffs assert that by being subjected to this higher standard of proof, they are entitled to attorney's fees and costs under the EAJA. However, as noted above, an interest in attorney's fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis*, 494 U.S. at 480.

The plaintiffs also contend that the defendants read the complaint too simplistically when the defendants state that the case is moot because the plaintiffs' I-130 application has already been adjudicated. However, the plaintiffs' complaint summarizes their case as follows: "Plaintiffs' sole challenge in this action, over which this Court has affirmative jurisdiction, is Defendants' failure without reasonable explanation and, therefore, their refusal to issue approval notices for Plaintiffs' properly filed I–130 petitions, which the respective interviewers indicated were approved." (Compl. ¶ 11.) The record demonstrates that the approval notice was issued before the court took any action. (Defs.' Mot. to Dismiss Ex. 2.) The plaintiffs' complaint does not state a claim for damages caused by the defendants' actions, and the requests for declaratory judgments that the defendants acted

unreasonably and that the plaintiffs are prevailing parties necessarily stem from the underlying claim that the defendants improperly refused to issue the approval notice.

The APA requires that an agency conclude proceedings "within a reasonable time."  5 U.S.C. § 555(b).  While the defendants could have, and perhaps should have, moved more quickly, the court has no basis upon which to conclude that the one year delay in sending the approval notice was unreasonable, or to conclude that the defendants violated the statute.  Accepting the complaint's well-pleaded factual allegations as true and drawing reasonable inferences from those allegations in the plaintiffs' favor, the plaintiffs claims do not negate the fact that there is no possible relief which the court could order that would benefit the plaintiffs.  The defendants have already adjudicated Maldonado's I-130 petition, the plaintiffs' underlying claim, and an interest in attorney's fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis*, 494 U.S. at 480.  In light of the foregoing, the court concludes that no case or controversy exists as required by Article III.  Accordingly, the court is obliged to dismiss this case for lack of jurisdiction.

The EAJA provides plaintiffs who have prevailed in their APA actions with an opportunity to obtain fees.  *See* 28 U.S.C. § 2412(d)(1)(A) (awarding to "a prevailing party" the "fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified"); *Pierce v. Underwood*, 487 U.S. 552,

575 (1988). To qualify as "prevailing," however, a party must have obtained a result that originated in a court order or, at least, received judicial sanction. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Resources*, 532 U.S. 598, 603-04 (2001). Accordingly, because the USCIS's issuance of the I-130 approval notice mooted this case before the court took any action, the plaintiffs cannot be said to have "prevailed" on their claims and the plaintiffs cannot establish eligibility for fees under EAJA.

Finally, it should be noted that the court took the plaintiffs' rejoinder to the defendants' reply brief into consideration in deciding the motion to dismiss. Thus, the plaintiffs' motion for leave to file rejoinder was granted.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss the complaint (Docket # 8) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the court having considered the plaintiffs' rejoinder to the defendants' reply brief, plaintiffs' motion for leave to file rejoinder (Docket # 16) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** with prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this __13th__ day of June, 2006.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge